# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| WILLIS HARNESS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TENNESSEE DEPARTMENT OF )<br>CHILDREN'S SERVICES; MICHAEL WEBB; )<br>and GINA COURTNEY, )<br>)<br>    Defendants. ) | No. 3:09-cv-15<br>(Phillips) |

## MEMORANDUM OPINION

This matter is before the court on defendants' Motion to Dismiss [Doc. 5], plaintiff's Motion to Move Case Forward With Supporting Documentation [Doc. 11], and plaintiff's Motion to Amend [Doc. 12].

For the reasons that follow, defendants' motion is granted and plaintiff's motions are denied as moot.

## I.  BACKGROUND

Plaintiff, proceeding pro se, initiated this action alleging "deformation [sic] of character[] and emotional distress" stemming from allegations and an investigation by the Tennessee Department of Children's Services ("DCS" or "Department of Children's Services") that he was molesting four of his grandchildren. Plaintiff seeks damages in the amount of $10 million for having suffered the investigation, as well as from the alleged defamation and emotional distress he suffered when defendant Michael Webb, a former DCS case worker, called him a child molester in front of

-1-

his wife, daughter, and two of his grandchildren. Plaintiff also alleges a denial of due process because he has not had the opportunity for a hearing regarding two of the grandchildren involved in the investigation. Plaintiff additionally sues Gina Courtney, the current DCS case worker on the investigation.

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), defendants argue that they are immune from suit under the doctrine of sovereign immunity. Defendants additionally argue that even were they not immune from suit, the suit is nevertheless precluded under Rule 12(b)(6) for failure to state a claim, in that it is both barred by the applicable statute of limitations and plaintiff has failed to allege any defamatory statements.

After the applicable deadline for plaintiff's response to the Motion to Dismiss passed with no such response from the plaintiff, the court issued an Order to Show Cause [Doc. 10], ordering plaintiff to show cause as to why the defendants' motion should not be granted. In response, plaintiff filed a Motion to Move Case Forward with Supporting Documentation [Doc. 11]. Plaintiff later moved to amend the complaint [Doc. 12]. Defendants have not opposed either motion.

The court will address each motion in turn.

## II. ANALYSIS

### A. Standard of Review

Where, as here, a Rule 12(b)(1) motion "attack[s] the claim of jurisdiction on its face ... all allegations of the plaintiff must be considered as true." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (quoting *DLX. Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Similarly, under

-2-

Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

**B.    Rule 12(b)(1)**

Defendants assert they are immune from suit under the Eleventh Amendment and the doctrine of sovereign immunity. The Eleventh Amendment to the Constitution of the United States provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment, however, is not the sole source of immunity for states; indeed, while States' immunity is often referred to as "Eleventh Amendment Immunity," as the Supreme Court has noted,

> [t]he phrase is ... something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today ... except as altered by the plan of the Convention or certain

Case 3:09-cv-00015-TWP-CCS    Document 13    Filed 08/24/09    Page 3 of 8    PageID #: 131

constitutional Amendments.

*Alden v. Maine*, 527 U.S. 706, 713 (1999). Accordingly, "[t]he States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims by citizens of another State." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

Among many exceptions to this immunity, however, is that "[t]he immunity does not attach if the lawsuit is not against the State or an 'arm of the State.'" *Id.* State agencies in particular present the issue of whether the suit is against an arm of the State. "When suit is brought against a public agency or institution ... 'the application of [immunity] turns on whether said agency or institution can be characterized as an arm or alter ego of the state, or whether it should be treated instead as a political subdivision of the state.'" *Hutsell v. Sayre*, 5 F.3d 996, 1000 (6th Cir. 1993) (quoting *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984)). The agency only enjoys immunity if it is an arm of the state, not a political subdivision.

To determine whether an agency is an "arm of the State," the Sixth Circuit examines four factors: "(1) whether the state would be responsible for a judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding." *Ernst*, 427 F.3d at 359 (quoting *S.J. v. Hamilton County*, 374 F.3d 416, 420 (6th Cir. 2004)). An analysis of these four, interrelated factors demonstrates that the Department of Children's Services is an arm of the State entitled to immunity.

First, it appears that the state would be responsible for a judgment against the Department, as it is created by state statute and primarily funded by the state treasury. Tenn. Code Ann. § 4-3-101(3) (creating the Department of Children's Services); *id.* § 37-5-101(a) (same); *see also id.* § 37-

5-106(a)(5) (department has power to receive and administer state funds); *id.* § 37-5-111 (department may receive funds from "whatever sources," including "federal, state, county and municipal governments"). Moreover, state law defines the entity as an arm of the state, and it appears from these duties the state maintains a significant degree of control over the entity. State law authorizes the Department to "administer, develop or over see programs ... including ... state children's services agencies, ... assessment services, probation services, aftercare supervision services, child protective services, and other services as required by law." *Id.* § 37-5-106(a)(1). Additional authority includes the power to "[r]eceive and administer state funds," *id.* § 37-5-106(a)(5), to "[e]nter into contracts," § 37-5-106(a)(8), and, importantly, to establish various rules and regulations, *see id.* §§ § 37-5-106(a)(13), -(15), -(16). Finally, while the Department may receive funds from a number of sources, *id.* § 37-5-111, it appears that its primary source of funding is the state treasury, *see id.* § 37-5-106(a)(5).

Accordingly, the Department is an arm of the state entitled to sovereign immunity. Because the Department is immune, defendants' motion to dismiss under 12(b)(1) is granted with regard to all of plaintiff's claims against the Department.

The individual defendants likewise argue that they are immune from suit because plaintiff sued the individual defendants in their official capacity only. The complaint does not state explicitly in what capacity plaintiff sues the individual defendants.

"[W]hen required to show that the court has jurisdiction," a plaintiff must plead " a party's capacity to sue or be sued." Fed. R. Civ. P. 9(a). The Sixth Circuit, however, has taken a liberal approach to pleading a defendant's capacity to be sued. In suits against state officials,

plaintiffs must clearly notify defendants of the potential for individual liability and must clearly notify the court of its basis for jurisdiction. When a ... plaintiff fails to affirmatively plead capacity in the complaint, [the court] then look[s] to the course of proceedings to determine whether [the] ... concern about notice has been satisfied.

*Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001) (en banc). "The 'course of proceedings' test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint." *Id.* at 772 n.1.

Plaintiff has failed to affirmatively plead capacity; accordingly the court must examine the course of proceedings to determine whether defendants received sufficient notice of the possibility of individual liability. It is clear that the complaint does not adequately inform defendants of the possibility of individual liability, as the complaint consistently refers to the Department only. [Compl., Doc. 1 at 1 (seeking "damages caused by *the department*" (emphasis added)); *id.* at 3 ("I have given the Department of Children [sic] Services enough chances to clear my name of all allegations.... They have failed due process by not giving me a hearing .... Damages are deformation [sic] of character, and emotional distress caused by *the department's* harassment and incompetence." (emphasis added))]. By contrast, where the Sixth Circuit has found that the complaint gives adequate notice of individual liability, the complaint has clearly differentiated between the individual defendants and the state entity. *E.g.*, *Moore*, 272 F.3d at 773 ("The complaint refers to the officers throughout as the 'individual defendants.' Paragraph Eleven of the complaint states, 'The said officers, acting *for themselves and* for the City,' behaved with 'malice ... and violated the plaintiff's civil rights.' (emphasis added).").

Accordingly the court finds that the course of proceedings indicates that the individual

-6-

defendants are sued in their individual capacities only. Yet "[o]fficial-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 685, 690 n.55 (1978)). Because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the entity itself." *Id.* at 166. As the court has found the entity is immune, so are the individual defendants, as they are sued only in their official capacities for retrospective relief in the form of monetary damages of $10 million. [Compl., Doc. 1 at 3]; *see* Erwin Chemerinsky, *Federal Jurisdiction* 428 (4th ed. 2003) ("[O]fficial capacity suits are barred unless the plaintiff is seeking prospective relief [i.e. an injunction]."). Accordingly, the suit is barred against the individual defendants, given that they were sued only in their official capacity and any recovery against them will issue from the state treasury. *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (finding Tennessee Department of Children's Services is "the State" for immunity purposes; "[t]o the extent, then, that the plaintiffs' claims against the defendants in this case are ... claims against those persons in their official capacities, as agents of state administrative departments, they are not cognizable").

In sum, the court finds all defendants are subject to immunity under the Eleventh Amendment and other principles of sovereign immunity. Accordingly, defendants' Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. As this disposes of plaintiff's claims in their entirety, the court need not reach defendants' alternative motion under Rule 12(b)(6).

### III. CONCLUSION

The Department of Children's Services being an arm of the state, it enjoys the same immunity under the Eleventh Amendment and the doctrine of sovereign immunity as does the State of Tennessee. Because the individual defendants were sued only in their official capacity and for retrospective monetary relief, they are likewise immune from suit. Accordingly, defendants' Motion to Dismiss [Doc. 5] is **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, whereby all claims are hereby **DISMISSED**. Plaintiff's pending motions [Docs. 11, 12] are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge